Guinness Ohazuruike, Esq.
GUINNESS LAW FIRM
Nevada Bar No. 11231
6845 W. Charleston Blvd, #A
Las Vegas, Nevada 89117
Telephone:(702) 473-9300
Facsimile:(702) 920-8112
guinnesslaw@gmail.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA.

| | |
|---|---|
| GODFREY MERE, an individual,<br><br>Plaintiff**,**<br><br>vs.<br><br>STATE OF NEVADA, DEPARTMENT OF HEALTH AND HUMAN SERVICES, DIVISION OF CHILD AND FAMILY SERVICES, Desert Willow Treatment Center; DOES 1–10 and ROES I–X,<br><br>Defendants, | Case No. 2:23-CV-00487-JCM-DJA<br><br>STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER<br><br>Special Scheduling Review Requested |

Plaintiff, Godfrey Mere ("Plaintiff") and Defendant, State of Nevada, Department of Health and Human Services, Division of Child and Family Services, Desert Willow Treatment Center, ("Defendant"), by and through their respective attorneys, hereby submit this Stipulated Discovery Plan and Scheduling Order pursuant to FRCP 26(f) and LR 26-1(b).

**1.     Fed. R. Civ. P. 26(a) Initial Disclosures:**

Pursuant to Federal Rules of Civil Procedure 26(f) and Local Rule of Court 26-1(a), on Friday, July 7, 2023, counsel for Plaintiff, Guinness Ohazuruike, Esq. and counsel for Defendant, Paul Mata, Esq. exchanged views on relevant issues for discovery, possible

early resolution of the matter, and other pertinent issues. Pursuant to these discussions, the parties agree that they will submit their Initial Disclosures within fourteen days, that is, on or before **Friday, July 21, 2023**.

   2.   **Discovery Cut-Off Date:**

Discovery will be needed on all claims set forth on the complaint as well as the defenses relevant to the action. In view of the anticipated high number of witnesses to be deposed and materials for discovery, the parties estimate that discovery will take three hundred (**300**) days from **June 13, 2023**, which is the date of ~~D~~efendant's appearance by filing its Answer to Plaintiff's First Amended Complaint. Accordingly, the discovery would be completed by no later than *Monday, April 8, 2024.*

   3.   **Amending the Pleadings and Adding Parties:**

The date for filing motions to amend the pleadings or to add parties shall not be later than ninety (90) days prior to the discovery cut-off date and, therefore, not later than *Tuesday, January 9, 2023.*

   4.   **Fed. R. Civ. P. 26(a)(2) Disclosures (Experts):**

In accordance with Rule 26(a)(2), initial disclosures identifying experts shall be made sixty (60) days prior to the discovery cut-off date, and therefore, not later than *Thursday, February 8, 2024,* and disclosures identifying rebuttal experts shall be made thirty (30) days after the initial disclosure of experts and, therefore, not later than *Friday, March 8, 2024.*

   5.   **Dispositive Motions:**

The parties shall file dispositive motions not more than (30) days after the discovery cut-off date and, therefore, not later than *Wednesday, May 8, 2024.*

   6.   **Pretrial Order:**

If no dispositive motions are filed, and unless otherwise ordered by this Court, the Joint Pretrial Order shall be filed not more than thirty (30) days after the date set for filing dispositive motions and, therefore, not later than *Friday, June 7, 2024.* If dispositive

motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order.

**7.    Alternative Dispute Resolution:**

The parties have conferred about the possibility of engaging in alternative dispute resolution processes including mediation. An Early Neutral Evaluation (ENE) conference has been scheduled before Magistrate Judge Elayna Youchah on September 9, 2023 at 9:00 a.m. Discussions between the parties will be ongoing as the trial date approaches if the matter does not resolve at the Early Neutral Evaluation conference.

**8.    Alternative Forms of Case Disposition:**

The parties have considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 and the use of the Short Trial Program (General Order 2013-01) and do not consent at this time.

**9.    Electronic Evidence at Trial:**

The parties have discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations.  Discussions between the parties will be ongoing as the trial date approaches and any electronic evidence will be presented in a format compatible with the court's electronic jury evidence display system.

**10.    Electronically Stored Information:**

The parties have undertaken efforts to retain any electronically stored information relevant to this matter and have agreed that, unless the requesting party asks for a definite and specific form, the party producing any electronically stored information may be produced in .pdf or paper form.  Such production may be served by electronic means/email. Should any technical difficulties arise with these means, counsel will make good faith efforts to meet, confer, and resolve the difficulties.  The parties have further agreed that, to the extent any party seeks electronically stored information that would be cumulative, burdensome or unduly costly to produce, counsel for the parties will meet and confer in good faith should any dispute arise.

**11.   Issues about claims of privilege or protection of trial preparation materials:**

(i) Any party may require a protective order in order to protect the disclosure of certain confidential business information.  In the event such a protective order becomes necessary the Parties will submit a stipulated protective order, or if necessary, may file a motion for protective order.

(ii) The Parties agree with Rule 26(b)(5).

(iii) Claw-back of Inadvertent Disclosure of Privileged Materials.   The Parties agree that inadvertent production of otherwise privileged materials will not constitute a waiver of the applicable privilege, and by stipulation or motion, the items so designated shall be returned to the disclosing party, and not be used for any purpose at trial.  Any notice of inadvertent production or disclosure shall be (i) in writing and delivered to opposing counsel; or, (ii) made on the record in deposition; or, (iii) asserted in open court. Failure to give notice prior to entry of a ruling on a dispositive motion shall be deemed waiver of the privilege, except that no settlement discussions or offers shall be disclosed for any reason before entry of judgment or award.

**12.   Extensions or Modifications of Discovery Plan & Scheduling Order:**

A stipulation or motion for modification or extension of this discovery plan and scheduling order must be made no later than twenty-one (21) days before the expiration of the subject deadline.

**13.   ~~Consideration of Fed. R. Civ. P. 16(b)(3)(B)(v):~~**

~~Federal Rule of Civil Procedure 16(b)(3)(B) provides that, among other things, a scheduling order *may* "(v) direct that before moving for an order relating to discovery, the movant must request a conference with the court." Plaintiff is seeking a stipulation to include this provision in the Discovery Plan/Scheduling Order. FRCP Rule 16(b)(3)(B)(v) is aimed at providing a mechanism for the parties and the court to resolve any discovery disputes without the delay, expense, and burden on judicial resources that results from~~

~~formal motion practice. This does NOT relieve the parties of their obligations to meet and confer amongst themselves pursuant to Fed. R. Civ. P. 37. However, nearly all discovery disputes that the parties cannot agree on can be resolved in a short telephonic conference with the court and those that cannot are the only ones that should actually result in a formal motion being litigated. Including this provision in the Scheduling Order promotes the overall goal of the Federal Rules of Civil Procedure as set forth in FRCP Rule 1 which states that the rules are to "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." (See also Committee Notes to 2015 Amendments to FRCP Rule 16).~~

Dated this July 7, 2023.                                              Dated this July 7, 2023

/s/Guinness Ohazuruike___                                 /s/ Paul Mata_____
Guinness Ohazuruike, Esq.                                   Paul Mata, Esq.
GUINNESS LAW FIRM                                         Deputy Attorney General
6845 W. Charleston Blvd, #A                               Office of the Attorney General
Las Vegas, Nevada 89117                                    555 E. Washington Ave. #3900
Telephone:(702) 473-9300                                    Telephone (702) 486 0661
Facsimile:(702) 920-8112                                      Facsimile (702) 486 3768
Email: guinnesslaw@gmail.com                          Email: pmata@ag.nv.gov
*Attorney for Plaintiff*                                              *Attorney for Defendant*

## ORDER

**IT IS HEREBY ORDERED** that the parties' Stipulated Discovery Plan and Scheduling Order is **granted in part** and **denied in part**. The scheduling deadlines set forth in the plan are GRANTED. The request contained in paragraph 13 for a conference with the Court before formal discovery motion practice is DENIED. The parties shall meet and confer and brief any discovery disputes in accordance with Local Rule 26-6.

_____
United States Magistrate Judge
Dated: 7/13/2023 ___