Guinness Ohazuruike, Esq.
Nevada Bar No. 11231
GUINNESS LAW FIRM
6845 W. Charleston Blvd, #A
Las Vegas, Nevada 89117
Telephone:(702) 473-9300
Facsimile:(702) 920-8112
guinnesslaw@gmail.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA.

| | |
|---|---|
| GODFREY MERE, an individual, | Case No. 2:23-CV-00487-JCM-DJA |
| Plaintiff, | |
| vs. | |
| STATE OF NEVADA, DEPARTMENT OF HEALTH AND HUMAN SERVICES, DIVISION OF CHILD AND FAMILY SERVICES, Desert Willow Treatment Center; DOES 1–10 and ROES I–X, | SECOND AMENDED COMPLAINT |
| Defendants, | |

COMES NOW Plaintiff, Godfrey Mere, by and through his attorney, Guinness Ohazuruike, Esq., of the Guinness Law Firm, amends his Complaint and alleges against Defendant, State of Nevada, Department of Health & Human Services, Division of Child & Family Service, Desert Willow Treatment Center, as follows:

## INTRODUCTION

1. Plaintiff, Godfrey Mere, a citizen of United States and a Nigerian national, alleges that agents, employees, and directors of Defendant subjected him to discriminatory and disparate treatments based on his national origin and that tangible employment actions adversely affected his job performance and the terms of his employment.

## PARTIES

2. Plaintiff, Godfrey Mere, is a citizen of United States and a Nigerian national, employed by State of Nevada, Department of Health & Human Services, Division of Child & Family Services, and working as a registered nurse at defendant's facility the Desert Willow Treatment Center.

3. Plaintiff, Godfrey Mere is domiciled in North Las Vegas, Clark County, Nevada.

4. Plaintiff is a member of the protected class, within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sec. 2000e, et seq.

5. Defendant, State of Nevada, Department of Health and Human Services, Division of Child & Family Services, is an agency, organ, entity and/or department of the State of Nevada providing services and doing business as a mental health treatment facility in Las Vegas commonly known as Desert Willow Treatment Center.

6. At all relevant times Defendant employed more than fifteen employees and is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sec. 2000e, et seq.

7. At all relevant times, Defendant employed more than five hundred employees in clinics, offices, and affiliates statewide including Desert Willow Treatment Center.

8. At all relevant times the conducts alleged herein were the acts or omissions of the Defendant through its employees or administrators, managers, and agents including but not limited to Gwendolyn Greene, African American; Ronnika Rupert, African American; Abbie Jenkins, white American; Viara Hristov, white American; Marc Yee, Asian American.

9. At all relevant times the conduct of the named employees, directors, manager, and supervisor and agents, were within the scope of their employments, in concert with each other and on behalf of and for the benefit of their employer, the Defendant.

10. Defendant is liable for the acts and omissions of the employees, agents, managers, directors, and supervisors pursuant to the legal theory of vicarious liability and/or respondeat superior and/or agency and/or direction.

11. Defendants DOES and ROES I–X are individuals and entities whose names and capacities are unknown to Plaintiff who therefore sues them by fictitious names.

2
_____
SECOND AMENDED COMPLAINT

Plaintiff shall seek leave of this court to amend the Complaint to substitute the true names of each such Defendants when information is ascertained.

12. Plaintiff shall seek permission of this honorable Court to amend the Complaint in line with evidence obtained through discovery and or witness testimony.

## JURISDICTION

13. This is an action arising under federal law, authorized, and instituted pursuant to: Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section(s) 2000e et seq. and 42 U.S.C. Section 1981A as amended.

14. The jurisdiction of this Court is predicated upon 28 U.S.C. Section 1331 and 1343, to redress the unlawful deprivation of plaintiff's rights secured, guaranteed, and protected by federal law.

15. The Jurisdiction of this court is also appropriate under 42 U.S.C §§1981, 1983, and 28 U.S.C. §§ 2201 and 2202 relating to declaratory judgments.

16. The jurisdiction of this Court is also predicated upon the decision of the United States Supreme Court in *Fitzpatrick v. Bitzer*, 427 U.S. 445, 447-48 (1976) that the Eleventh Amendment is not a jurisdictional bar to Title VII claims in federal court.

17. The jurisdiction of this court is further predicated upon the 1972 Amendments to Title VII of the Civil Rights Act of 1964, pursuant to §5 of the Fourteenth Amend.

## VENUE

18. Venue is proper in Clark County, Nevada wherein Plaintiff resides, and Defendant conducts businesses, where the alleged discriminatory conduct occurred.

## ADMINISTRATIVE PREREQUISITES

19. Plaintiff has complied and exhausted all necessary administrative prerequisites for commencing an action under federal and Nevada laws through the following:

A. On or about June 6, 2022 Plaintiff contacted the Nevada Equal Rights Commission (NERC) in tandem with the Equal Employment Opportunity Commission (EEOC). On October 16, 2022 Plaintiff filed a Charge of Discrimination with the NERC and the EEOC.

B. In the Charge the Plaintiff complained that Defendant through its agents subjected him to among others, discrimination based on national origin, retaliation, disparate treatment, and harassment in the workplace. Attached is the Charge as Exh. 1.

C. Plaintiff promptly and diligently accommodated all requests for information and fully cooperated in the administrative agency's processing of this matter.

D. On March 21, 2023, the EEOC informed Plaintiff that in view of his state agency respondent his Complaint has been forwarded to the United States Department of Justice for further review.

E. On March 31, 2023, the United Stated Department of Justice issued a Notice of Right to Sue indicating that Plaintiff has the right to institute a civil action within 90 days of the Notice. Attached is copy of the Notice of Right to Sue as Exh. 2.

## GENERAL ALLEGATIONS

20. Plaintiff was hired by Defendant on or about July 10, 2010, as Registered Nurse at Desert Willow Treatment Center, a mental health facility under the ownership, management, and supervision of the State of Nevada.

21. Plaintiff has a Bachelor of Nursing Science and Master of Nursing Science degrees.

22. Plaintiff worked 12 years as a registered nurse at Desert Willow Treatment Center.

23. In June 2022 or thereabout, Defendant elevated Ronnika Rupert to the position of Director of Nursing and she is working in that capacity.

24. Ronnika hired new staff, friends from outside the facility, who under her directives often fabricate lies against Plaintiff and incite patients against him, for the purpose of undermining his job performance and to force him to quit or be terminated.

25. Plaintiff became a fair game for all sorts of derogatory remarks, false allegations, and discriminatory enforcement of discipline and disparate treatments.

26. Ronnika, openly question why the Plaintiff should get State job, falsely alleging that Nigerians get into positions because "American white government" offer them free scholarships, jobs, and positions they do not deserve in this country.

27. Ronnika, also complained about Nigerians dominance in American healthcare.

28. Plaintiff was required to prepare Incident Reports about incidents he did not witness even when the nurses involved in the incidents were ready to prepare the Reports.
29. Sometime in June 2022 and thereafter Plaintiff requested to work overtime for any weekend shift, but Defendant denied him overtime opportunity.
30. Defendant gives all overtime in the Unit to Marc Yee, a registered nurse and Asian American over whom Plaintiff had 6 years seniority in the facility.
31. Defendant scheduled Marc Yee to work 16 hours per day on Mondays, Tuesdays, Wednesdays; and 16 hours per day on Saturdays and Sundays, making a total of 80 hours per week (40 regular hours and 40 overtime hours) since June 2022.
32. Plaintiff was always penalized for coming minutes late or leaving minutes early even for medical reasons and his paychecks were deducted accordingly.
33. Defendant never penalized Marc Yee, who often came hours late and frequently left hours early, yet he received full paycheck for hours he did not work.
34. On September 19, 2022 Marc worked overtime shift from 6:45am that should end 11:15pm but he left two hours early at 8:42pm, yet he was paid the full 16 hours.
35. Whenever Plaintiff comes to work late or leaves early, even for medical reasons, Defendant would deduct the hours from his paycheck or sick leave PTO.
36. On June 6, 2022 Plaintiff again requested for weekend swing shift overtime and reminded Defendant that only Marc Yee had been getting all the overtime.
37. On August 27, 2022 Marc Yee was given overtime evening shift that Plaintiff had requested because as Marc Yee boasted "overtime is for only Americans and Asians, never for fucking Nigerians."
38. On August 28, 2022 Plaintiff was a mere witness to an incident which the nurse involved had prepared an Incident Report but Plaintiff was reprimanded for errors in the report and directed to do the required corrections contrary to nursing practice.
39. On September 3, 2022 Marc Yee was given overtime evening shift for Saturday and Sunday that Plaintiff had requested but was not considered because "overtime is not for a fucking Nigerian" "it's for Americans and Asians who speak better English".

5
_____
SECOND AMENDED COMPLAINT

40. Ronnika said to Plaintiff how much she hated American government for giving Nigerians scholarship and jobs that should be given to African Americans.
41. Plaintiff complained to Administration about all the discriminatory and disparate treatments he was being subjected to, but Administration did nothing.
42. Plaintiff has worked over ten years, serving three Administrations prior to the arrival of Ronnika and Plaintiff always had satisfactory performance evaluation.
43. Defendant resented Plaintiff's complaints regarding discrimination and disparate treatment and thereafter subjected him to series of retaliatory measures including a negative performance evaluation and probation.
44. On September 15, 2023 Defendant took the ultimate retaliatory measures against Plaintiff by terminating him based on an alleged failure to attend to a patient who had sustained a fresh wound injury.
45. Defendant's basis for terminating plaintiff's employment was a mere pretext for retaliation in view of his protected action of filing complaint with Nevada Equal Rights Commission and the Equal Employment Opportunity Commission.
46. The alleged failure to attend to an injured patient was mere pretext because it was never substantiated with records of the wound, treatment notes, medical reports, or any evidence that such a patient was ever brought to the attention of Plaintiff.
47. Plaintiff suffered depression, anxiety, high blood pressure and emotional distress, because of the discriminatory and disparate treatments by the Defendant.
48. Plaintiff required medical treatment and incurred medical bills for the treatments.

## FIRST CAUSE OF ACTION
(Discrimination and/or Disparate Treatment on the Basis Of National Origin)

49. Plaintiff repeats allegations contained in preceding paragraphs by reference.
50. Defendant subjected Plaintiff to discriminatory and/or disparate treatments based on national origin, to wit, by treating him less favorably than other similarly situated employees outside his national origin.

51. Defendant subjected Plaintiff to discriminatory and/or disparate treatments based on national origin in the form of disparate supervision, disparate enforcement of the attendance policy, disparate overtime schedule, and disparate terms of employment.
52. Defendant subjected Plaintiff to discriminatory and/or disparate terms, tangible employment actions that adversely affected his performance and employment.
53. Defendant's discriminatory and/or disparate treatments based on national origin are in violation of Title VII of Civil Rights Act 1964 as amended and NRS 613.320.
54. As a result of Defendant's disparate treatments and tangible employment actions Plaintiff has suffered loss of earning from several denied overtime opportunity.
55. Plaintiff is entitled to recover lost overtime earning at the rate of an hour and half for 40 hours per paycheck being $2,820 from June 2022 through September 15, 2023, being a total sum of $50,760.
56. Plaintiff is entitled to recover medical bills and expenses in the sum of $12,487.
57. Plaintiff suffered humiliation, sleepless nights, loss of enjoyment of life, pain and suffering and he entitled to recover $300,000 in general compensation.

## SECOND CAUSE OF ACTION
(Retaliation)

58. Plaintiff repeats allegations contained in preceding paragraphs by reference.
59. The defendant embarked upon tangible and adverse employment actions against Plaintiff before, during, and after he complained to administration, the NERC and the EEOC, about being discriminated against by Defendant.
60. Defendant took tangible and adverse employment actions against Plaintiff because he engaged in a protected action, to wit, complaining about disparate treatment and discrimination based on national origin.
61. Defendant retaliated against Plaintiff by giving him unsatisfactory job performance evaluation, probation, and finally terminating his employment.
62. Defendant's unsatisfactory performance evaluation of Plaintiff is in contrast with past years of satisfactory job evaluations and therefore a pretext for retaliation.

63. Defendant's retaliatory adverse employment actions against Plaintiff caused him to suffer humiliation, depression, and high blood pressure requiring medical treatment.
64. Plaintiff is entitled to recover medical bills and expenses in the sum of $12,487.
65. Plaintiff is entitled to recover $8,480 back pay per month from the date of his termination through the date of judgment.
66. Plaintiff is entitled to recover $110,240 front pay in lieu of reinstatement.
67. Plaintiff suffered humiliation, sleepless nights, loss of enjoyment of life, pain and suffering and he entitled to recover $300,000 in general compensation.

## ATTORNEY FEES

68. Plaintiff was compelled to retain the services of an attorney to file Charges at the administrative agency, to file and prosecute this lawsuit and, therefore, he is entitled to recover reasonable attorney fees and costs incurred.

## PRAYER FOR RELIEF

WHEREOF Plaintiff prays fir judgment against Defendant as follows:

1. Declaration that the actions complained constitute disparate treatment based on national origin in violation of Title VII of Civil Rights Act 1964 as amended.
2. Declaration that the actions complained constitute retaliation in violation of Title VII of Civil Rights Act 1964 as amended.
3. Award of special damages and general damages as follows:
   a. $12,487 medical bills incurred.
   b. $50,760 for lost overtime earning.
   c. $8.480 back pay per month from date of termination through date of judgment.
   d. $110,240 front pay in lieu of reinstatement.
   e. $300,000 general compensation for discriminatory / disparate treatments.
   f. $300,000 general compensation for retaliation.
   g. Award of reasonable attorney fees and Court costs in this action.
   h. Award of post-judgment interest at the legal rate until paid in full.
   i. Such other and further relief as this honorable Court may deem just and proper.

////

## DEMAND FOR JURY

Plaintiff, Godfrey Mere, exercises his right under the United States Constitution and applicable statutes and requests that all issues of fact in this action be determined by a jury.

Dated this 24th day of January, 2024.

*/s/Guinness Ohazuruike___*
Guinness Ohazuruike, Esq.
GUINNESS LAW FIRM
6845 W. Charleston Blvd, #A
Las Vegas, Nevada 89117
Telephone:(702) 473-9300
Facsimile:(702) 920-8112
guinnesslaw@gmail.com
*Attorney for Plaintiff*

## VERIFICATION OF FIRST AMENDED COMPLAINT

I, Godfrey Mere, affirms and states that I am the Plaintiff in this proceeding; that I have read the Second Amended Complaint and knows the contents thereof; that the same is true to the best of my knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

*"I declare under penalty of perjury under the law of the State of Nevada and the United States that the foregoing is true and correct."*

Dated this 24th day of Jan, 2024.                    */s/Godfrey Mere*
                                                      GODFREY MERE